IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MATTHEW S. BEVIER,                                    Civ. No. 07-6014-AA

          Plaintiff,                                  OPINION AND ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.
_____

Kathryn Tassinari
Drew L. Johnson, P.C.
1700 Valley River Drive
Eugene, Oregon  97401
     Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Terrye E. Shea
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
     Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. For the reasons set forth below, the Commissioner's decision is reversed and remanded for an award of benefits.

<u>BACKGROUND</u>

Plaintiff filed an application for DIB and SSI benefits on November 17, 2003, alleging disability due to bipolar disorder as of September 26, 2002. Tr. 67-68, 265-266. His application was denied initially and on reconsideration. Tr. 27. After plaintiff timely requested a hearing, plaintiff appeared and testified before an administrative law judge ("ALJ") on March 22, 2006. Tr. 277-325. On July 28, 2006, the ALJ issued a decision that plaintiff was not disabled within the meaning of the Act. Tr. 12-24. On December 22, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 6-8. Plaintiff now seeks judicial review of the Commissioner's denial of benefits. 42 U.S.C. § 405(g).

Plaintiff was 21 years old at the time of the ALJ's decision. Tr. 280. Plaintiff has a high school education and was employed as

2    - OPINION AND ORDER

a janitor through the Willamette Valley Rehabilitation Center.  Tr. 280-281.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions."  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled.  Bowen v.

<u>Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920.

First the Commissioner determines whether a claimant is engaged in

"substantial gainful activity."  If so, the claimant is not

disabled.  <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b),

416.920(b).

    In step two the Commissioner determines whether the claimant

has a "medically severe impairment or combination of impairments."

<u>Yuckert</u>, 482 U.S. at 140-41; <u>see</u> 20 C.F.R. §§ 404.1520(c),

416.920(c).  If not, the claimant is not disabled.

    In step three the Commissioner determines whether the

impairment meets or equals "one of a number of listed impairments

that the Commissioner acknowledges are so severe as to preclude

substantial gainful activity."  <u>Id</u>.; <u>see</u> 20 C.F.R. §§ 404.1520(d),

416.920(d).  If so, the claimant is conclusively presumed disabled;

if not, the Commissioner proceeds to step four.  <u>Yuckert</u>, 482 U.S.

at 141.

    In step four the Commissioner determines whether the claimant

can still perform "past relevant work."  20 C.F.R. §§ 404.1520(e),

416.920(e).  If the claimant can work, she is not disabled.  If she

cannot perform past relevant work, the burden shifts to the

Commissioner.  In step five, the Commissioner must establish that

the claimant can perform other work.  <u>Yuckert</u>, 482 U.S. at 141-42;

<u>see</u> 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the

Commissioner meets this burden and proves that the claimant is able

to perform other work which exists in the national economy, she is
not disabled.   20 C.F.R. §§ 404.1566, 416.966.

///

<u>DISCUSSION</u>

The ALJ found that plaintiff had engaged in substantial
gainful activity (SGA) since July 2004 with his work at J R Golf
Services and at Willamette Valley Rehabilitation Center.[1] Tr. 18.
Specifically, she found that his work at Willamette Valley
Rehabilitation Center was not a sheltered or specially accommodated
environment. Tr. 18-19.   Accordingly, the ALJ concluded that
plaintiff was not disabled within the meaning of the Act since July
2004.  Tr.  19.

The ALJ found that prior to July 2004, plaintiff had a bipolar
disorder and a substance abuse disorder that met a listed
impairment. Tr. 19.   The ALJ found that if plaintiff stopped his
substance abuse, he would continue to be limited in cognitive
skills and would be precluded from more than simple repetitive
tasks, but that his impairments would not meet or equal any of the
listed impairments. Tr. 19-22. She found that plaintiff was
credible concerning his symptoms and limitations, which included
marked limitations in activities of daily living, social
functioning, concentration, persistence and pace, and several

_____

[1]In her decision, the ALJ incorrectly identifies plaintiff's
workplace as "Willamette Valley River Center."

5    - OPINION AND ORDER

episodes of decompensation while abusing substances. Tr. 19.

The ALJ found that if plaintiff stopped his substance abuse, he would be capable of simple repetitive tasks with no other limitations. Tr. 22. The ALJ found that plaintiff's substance abuse disorder was a contributing factor material to his disability. Tr. 24. The ALJ found, therefore, that plaintiff's limitations had little or no effect on his occupational base of unskilled medium work. Tr. 24. Accordingly, the ALJ found that there were a significant number of jobs in the national economy that plaintiff could perform. Tr. 23.

Plaintiff argues that the Commissioner's decision must be reversed and remanded for payment of benefits, because the ALJ erred in rejecting the opinions and conclusions of examining and reviewing physicians. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). Plaintiff also argues that the ALJ erred in finding that plaintiff performed SGA and that his substance abuse materially contributed to his disability.

The Commissioner concedes that medical source reports, testimony at the hearing, and plaintiff's earnings record all show that he had been employed through the Willamette Valley Rehabilitation Center under conditions that may have constituted a "sheltered workshop" environment. Def. Br. pp. 9-10; Tr. 77, 150-51, 280-82, 289-90, 294, 297, 309-11, 313-14, 317-18, 322-23; 20 C.F.R. §§ 404.1572, 404.1573(c)(3), (4), and (5). However, the

6    - OPINION AND ORDER

Commissioner argues that the ALJ's erroneous finding at Step 1 affected her evaluation of the medical evidence and that further proceedings are necessary to allow the ALJ to further develop the record.

"The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)(citing Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985)).  Remand is appropriate where further proceedings would resolve defects in the administrative proceedings.  However, where new proceedings would simply serve to delay the receipt of benefits and would not add to the existing findings, an award of benefits is appropriate. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

The Ninth Circuit has posited the following test for determining when an award of benefits is warranted:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)(quoting Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996)).

Of the three factors identified in Harman, I find that all are met here.  The Commissioner concedes that the ALJ erred in finding that plaintiff's workplace was sheltered and that the ALJ failed to give legally sufficient reasons to reject the opinions of Dr. Rubin

7    - OPINION AND ORDER

and Dr. Vandiver. In order for the ALJ to reject the uncontradicted opinions of Drs. Rubin and Vandiver, she was required to give "clear and convincing" reasons, based upon the record. Holohan v. Massanari, 246 F.3d 1195, 1202-1203 (9th Cir. 2001).

The ALJ rejected the opinion of Dr. Rubin and Dr. Vandiver, stating that their opinions were contradicted by evidence in the record which showed that plaintiff was successfully working in a non-sheltered situation. Tr. 22. I agree that the ALJ failed to give adequate reason to reject the medical opinions of Dr. Rubin and Dr. Vandiver, given that she relied on her erroneous Step 1 finding. Further I find that no outstanding issues remain and that these opinions, along with other evidence in the record, establish disability.

Dr. Stephen Rubin, a clinical psychologist, testified at the request of the agency. Tr. 312. He testified that the record supported diagnoses of bipolar type II with psychotic symptoms, and polysubstance abuse. Tr. 312-313. He testified that without his medications, plaintiff met the listing for bipolar disorder. Tr. 313. Dr. Rubin testified that there was "a good deal of fluctuation in his behavior depending on his medication." Id. He testified that with medications in a stable situation, plaintiff would have moderate restrictions in his activities of daily living, mainlining social functioning, and maintaining concentration and persistence, and one to two episodes of decompensation. Tr. 314. Without

medication, plaintiff's limitations all moved to at least the marked level. Id. Dr. Rubin testified: "I think he functions very poorly without medication, and without the support that he's getting from his mother, and at this point from the environment of his work." Id.

When asked whether he considered plaintiff to be living in a highly supportive living arrangement, Dr. Rubin testified that his work environment was as stress-free as possible and he had little interaction with others or the general public. Tr. 317. In addition, he never had more than a few days without someone checking on him. Tr. 318. His mother did his shopping, his money was being managed for him, and he had very few responsibilities. Id. Dr. Rubin defined plaintiff as the type of individual who generally needed support and could only live semi-independently. Id. Dr. Rubin further testified that it was probable that plaintiff met the "C" criteria of the listings, based on his bipolar disorder, despite being medicated and employed. Tr. 321-322.

Similarly, Dr. Vandiver identified "severe" and "moderately severe" mental limitations in basic work-related areas, such as in maintaining concentration and attention for extended periods, sustaining an ordinary routine without special supervision, or maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness. Tr. 261-263. Dr. Vandiver wrote that plaintiff "could not do any substantial job for any

9   - OPINION AND ORDER

amount of hours if he were to have to work independently of constant job coaching." Tr. 253. Even though the record reflects substance abuse by plaintiff, neither Dr. Vandiver nor Dr. Rubin found that substance abuse materially contributed to plaintiff's disability. Tr. 260-63, 321-22. Finally, the record establishes that plaintiff's work at WVRC does not constitute SGA, because his work is performed in a sheltered environment under special conditions. Tr.77-79, 138, 150-57, 280-81, 289-90, 299-308, 317-18.

Based on this evidence of record, further administrative proceedings would merely delay the receipt of benefits. The record establishes that plaintiff did not engage in SGA and that he meets the "C" Criteria of listing 12.04. Accordingly, I find that the record establishes that plaintiff is disabled within the meaning of the Act, and that further administrative proceedings are not necessary.

<u>CONCLUSION</u>

The decision of the Commissioner is REVERSED AND REMANDED for an award of benefits. The Commissioner's request for Remand (doc. 19) is DENIED.

IT IS SO ORDERED.

Dated this 10th day of March, 2008.


                                    <u>/s/ ANN AIKEN</u>
                                     Ann Aiken
                            United States District Judge


10   - OPINION AND ORDER